UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KENDRICK BUGG,

    Plaintiff,

v.                                                  1:09-cv-196

UNITED STATES OF AMERICA,
ASSISTANT U.S. ATTORNEY CHRISTOPHER POOLE,
DET. MICHAEL EARLY, ATTORNEY BARRY ABBOTT,
and ATTORNEY HALLIE McFADDEN,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff was convicted in this court of armed robbery and brandishing a firearm during a crime of violence, and was sentenced to a total term of imprisonment of 510 months. *United States v. Bugg*, Criminal Action No. 1:06-cr-135 (E.D. Tenn. July 29, 2009) (judgment of conviction). Plaintiff filed a notice of appeal, which remains pending in the Sixth Circuit.

In this action, plaintiff alleges that the defendants, including the assistant U.S. attorney who prosecuted him and the defense attorneys who represented him, all conspired to secure a wrongful conviction. Plaintiff also alleges ineffective assistance of counsel on the part of his attorneys. Plaintiff does not seek money damages from the defendants but rather asks this court for relief from his convictions and sentence.

Plaintiff's allegations and his request for relief are more properly brought as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, *after* plaintiff has exhausted his direct appeal. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (absent extraordinary circumstances, a district court is precluded from entertaining a § 2255 motion while a direct appeal from the same conviction is still pending).

In addition, the court notes that plaintiff makes no factual allegations against Detective Michael Early whatsoever and that the United States of America is immune from suit under § 1983. "'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Munaco v. United States*, 522 F.3d 651, 652-53 (6th Cir. 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). The court further notes that AUSA Poole is immune from suit under § 1983 for his

actions of prosecuting plaintiff, *see Burns v. Reed*, 500 U.S. 478, 491-92 (1991), and that plaintiff's attorneys are likewise immune from suit for their actions in defending him, *see Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in CCA Silverdale, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of CCA Silverdale to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**